UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOHNNY CLIFTON MIZE, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:12-cv-00002-JMS-WGH |
| | ) | |
| J. OLIVER, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Johnny Clifton Mize challenges the calculation of his sentence by the Federal Bureau of Prisons. For the reasons explained in this Entry, the petition of Mize for a writ of habeas corpus must be denied.

**Discussion**

The expanded record shows that Mize was sentenced on October 2, 2008, in federal court in a case which can be referred to as No. CR-210 and that he was sentenced on April 10, 2010, in federal court in a case which can be referred to as CR-177. The executed sentence of 120 months in No. CR-177 was ordered to run concurrently with the unexpired portion of the sentence in No. CR-210. The court imposing the sentence in No. CR-177 recommended that Mize receive credit for time served since January 21, 2009.

The recommendation just noted has not been honored by the BOP.

Mize argues that he should receive credit toward the sentence imposed in No. CR-177 for the time spent in custody pursuant to the sentence in No. CR-210 prior to April 10, 2010, but that time was already credited to the sentence in No. CR-210. As 18 U.S.C. § 3535(b) provides, however, a prisoner is entitled to credit for time spent in jail when that time "has not been credited against another sentence." The Seventh Circuit has made clear that § 3585(b) forbids the BOP from giving prior custody credit when that credit has been applied to another sentence. *See Gigsby v. Bledsoe,* 223 Fed.Appx. 486, 489 (7th Cir. 2007); *United States v. Ross,* 219 F.3d 592, 594 (7th Cir. 2000). In *Gigsby,* the Seventh Circuit determined that where the state credited the petitioner for time spent in custody before the commencement of

his federal sentence, he was not entitled to the same benefit from the BOP merely because his subsequent federal sentence was ordered to run concurrently. *Gigsby,* 223 Fed.Appx at 489. Because Mize earned credit against the sentence in No. CR-177 for the time spent in custody pursuant to the sentence imposed in No. CR-210 prior to April 10, 2010, he is not entitled to credit against his sentence in No. CR-210 prior to April 10, 2010, as well. This is true even though the sentencing court in No. CR-177 recommended that Mize receive credit for time served since January 21, 2009. The judge did not order that he be given credit and the discretion therefore lay with the BOP. Where a defendant already is incarcerated for unrelated conduct, the district court has discretion to impose a sentence that runs concurrently, partially concurrently, or consecutively to the existing term of imprisonment. *See United States v. Padilla,* 618 F.3d 643, 647 (7th Cir. 2010). The sentencing recommendation in No. CR-177 need not be followed because it was merely an appeal to the agency's discretion. *Jake v. Herschberger,* 173 F.3d 1059, 1065 (7th Cir. 1999) (explaining that under prior statutory scheme, federal court's determination as to concurrent effect of federal sentence was not binding because it was "a recommendation to the Attorney General that need not be heeded").

Because Mize is not entitled to the credit he seeks, his petition for a writ of habeas corpus is denied.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 11/19/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Johnny Clifton Mize**
**Reg. No. 41703-048**
**Terre Haute-FCI**
**P.O. Box 33**
**Terre Haute, IN 47808**

**Electronically Registered Counsel**